**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JIANCAI YANG,

     Petitioner,

v.

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA; ACTING
DIRECTOR, U.S. Immigration and Customs
Enforcement; U.S. ATTORNEY GENERAL;
and MARKWAYNE MULLIN,

     Respondents.

Case No. 2:26-cv-02266-MIS-GJF

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Jiancai Yang's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 13, 2026. The federal Respondents filed a Response on July 28, 2026 ("Response"). ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I.    Background

Petitioner is a citizen of China who entered the United States illegally on May 8, 2024. See Record of Deportable/Inadmissible Alien at 1-3, ECF No. 6-1. On that date, Petitioner was encountered by a U.S. Border Patrol Agent near San Diego, California, arrested, processed, placed in removal proceedings, issued a Notice to Appear, and released on his own recognizance due to lack of bed space. Id. at 2-3.

On March 31, 2025, an Immigration Judge denied Petitioner's applications for asylum, withholding of removal under the Immigration and Nationality Act, withholding of removal under the Convention Against Torture ("CAT"), and deferral under CAT, and ordered Petitioner removed

from the United States to China.  Order of the Immigration Judge ("Removal Order") at 16, ECF No. 6-2.  Petitioner's appeal of the Removal Order has been pending before the Board of Immigration Appeals ("BIA") since April 15, 2025.  See ECF No. 6-2 at 17; Resp. at 2.

On January 8, 2026, Petitioner was arrested when he reported to the El Paso Immigration and Customs Enforcement, Enforcement and Removal Operations office as instructed.  Form I-213 at 2, ECF No. 6-3.  It appears he has been detained ever since.

On April 20, 2026, Petitioner filed his first habeas petition.  See Yang v. Mullin, 26-cv-1227-KWR-GJF (D.N.M. Apr. 20, 2026) ("Yang I").  Judge Riggs granted that petition in part, ordering Respondents to provide Petitioner with an individualized bond hearing.  Yang I, ECF No. 8 at 1, 10.

On May 8, 2026, Petitioner received a bond hearing and was denied bond based upon the Immigration Judge's finding that Petitioner was a flight risk.  See Yang I, ECF No. 10 at 1.

On July 13, 2026, Petitioner filed the instant habeas Petition, ECF No. 1, to which Respondents filed a Response, ECF No. 6.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas."  Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure

release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

### III.    Discussion

Petitioner argues that his prolonged detention, now exceeding seven months, with no reasonably foreseeable removal date, violates the Fifth Amendment's Due Process Clause.  Pet. at 6.  He requests immediate release.  Id. at 7.

Respondents argue that Petitioner "is lawfully detained under [8 U.S.C.] § 1226(a), as his removal proceedings are not yet completed" and he received an adequate bond hearing.  Resp. at 3-4 (citing Barnett v. Anda-Ybarra, No. 2:26-cv-01122-KG-JHR, 2026 U.S. Dist. LEXIS 89140 (D.N.M. Apr. 22, 2026)).  Respondents also acknowledge that this Court "has granted release to petitioners held under 8 U.S.C. § 1226 for more than six months where there was no significant likelihood of removal in the reasonably foreseeable future." Id. at 4 (quoting Pereria v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 U.S. Dist. LEXIS 162928 (D.N.M. July 22, 2026)).  However, they argue that "[b]ecause [his] removal order remains subject to ongoing administrative review before the BIA, his removal remains reasonably foreseeable."  Id. at 5 (quoting Barnett, 2026 U.S. Dist. LEXIS 89140, at *6).

The Court finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts.  Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite,

3

ongoing detention of over seven months, with no reasonably foreseeable end in sight,[1] is constitutionally excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Mardanpour, 2026 WL 963164, at *3-8; Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of

---

[1]    As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). As such, the Court summarily rejects Respondents argument that Petitioner's removal remains reasonably foreseeable simply because his Removal Order is currently before the BIA. Petitioner's Removal Order has been before the BIA for over fifteen months. It cannot fairly be said that Petitioner's removal has been reasonably foreseeable for the past fifteen months.

4

the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243.  The "typical remedy" for "unlawful executive detention" is release from custody.  Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  The Court finds that immediate conditional release is the appropriate remedy.  See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

IV.     **Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1.     The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.     Respondents are **ORDERED** to immediately release Petitioner Jiancai Yang from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;

3.     Respondents shall return all of Petitioner's seized belongings to Petitioner;

4.     Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal;

5.     The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE